UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE V. ALVAREZ,<br><br>        Petitioner,<br><br>v.<br><br>ROBERTO A. ARIAS, Warden,<br><br>        Respondent. | Case No. 5:25-cv-01859-MCS-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On August 19, 2024, Petitioner Enrique V. Alvarez, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.[1] The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that it is subject to dismissal as partially unexhausted.

---

[1] Petitioner originally filed the Petition in the Southern District of California, which transferred it to this Court on July 29, 2025. [*See* Dkt. No. 1.]

**I. Procedural History and Petitioner's Contentions**

A Riverside County Superior Court jury convicted Petitioner of second-degree murder and found that he committed the crime for the benefit of a criminal street gang and personally discharged a firearm causing great bodily injury or death. [*See* Dkt. No. 1 at 2-3]; *People v. Alvarez*, No. E072886, 2020 WL 7090844, at *1 (Cal. Ct. App. Dec. 4, 2020). He was sentenced to 40 years to life in state prison. *See Alvarez*, 2020 WL 709084, at *1.

Petitioner appealed, alleging, among other things, that his trial counsel was constitutionally ineffective by failing to move to suppress his pretrial statements as obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that the cumulative effect of that and various other trial errors deprived him of his right to a fair trial. *See Alvarez*, 2020 WL 709084, at *1. On December 4, 2020, the California Court of Appeal affirmed the judgment. *See id.* at *13. On March 10, 2021, the California Supreme Court granted Petitioner's petition for review, deferring consideration and disposition until it decided a related issue in *People v. Lemcke*, 11 Cal. 5th 644 (2021), and on August 25, transferred the matter to the California Court of Appeal with directions to vacate its prior decision and reconsider in light of *Lemcke*. *See* Cal. App. Cts. Case Info. http:// appellatecases.courtinfo.ca.gov/ (search for case no. S266446 in Cal. Sup. Ct.) (last visited on Aug. 13, 2025). On November 21, 2021, the California Court of Appeal reached the same disposition it had in its earlier decision. *See People v. Alvarez*, No. E072886, 2021 WL 5068415, at *13 (Cal. Ct. App. Nov. 21, 2021).

Petitioner then filed a petition for rehearing, arguing the jury's finding that the murder was committed to benefit a criminal street gang was invalid under a newly enacted statute. *See People v. Alvarez*, No. E072886, 2022 WL 122375, at *2 (Cal. Ct. App. Jan. 13, 2022). On January 13, 2022, the California Court of Appeal reversed the jury's finding on the gang allegation

and remanded to the trial court to provide the prosecution the opportunity to retry the gang allegation or, if the prosecution declined to do so, impose a new sentence without the gang enhancement.[2] *See id.* at *12. In all other respects, the California Court of Appeal affirmed Petitioner's judgment. *See id.*

On February 22, 2022, Petitioner filed a petition for review in the California Supreme Court. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for case no. S273248 in Cal. Sup. Ct., Dkt. No. 1) (last visited on Aug. 13, 2025). The petition for review presented only one question: "Was trial counsel prejudicially ineffective on the face of the record when he failed to pursue a motion to exclude [Petitioner's] statement taken in violation of his *Miranda* rights because trial counsel erroneously concluded that [Petitioner] had waived his *Miranda* rights?" *See id.* On March 30, 2022, the California Supreme Court denied the petition for review. *See id.*, Dkt. No. 4.

On March 4, 2022, while his petition for review was still pending, Petitioner filed a counseled habeas petition in the California Supreme Court.[3] *See id.* (search for case no. S273423 in Cal. Sup. Ct., Dkt. No. 1). The habeas petition raised no new claims but rather "supplement[ed] the question presented [in Petitioner's petition for review] to present trial counsel's declaration that the reason for failing to pursue a motion to suppress was because he believed his client had implicitly waived his *Miranda* rights, as he stated on the record." *See id.* On June 22, 2022, the California Supreme

---

[2] The superior court evidently struck the gang allegation, *see* Riverside Super. Ct. Case Info., https://epublic-access.riverside.courts.ca.gov/public-portal/?q=node/385/4163391 (search case no. INF1501680-2) (last visited Aug. 13, 2025), although the Court cannot determine when it did so.

[3] In his Petition, Petitioner incorrectly states that he did not file any state-court habeas petitions. [*See* Dkt. No. 1 at 4.]

3

1 Court denied the habeas petition.  *See id.*, Dkt. No. 2.  Petitioner has not filed
2 any other habeas petitions in the California Supreme Court.  *See id.* (search
3 for "Enrique" with "Alvarez," yielding no relevant results).

4       On August 19, 2024, Petitioner filed the instant Petition.  The Petition
5 states the following three grounds for relief:

6     1.    The trial court violated due process by allowing the prosecutor to
7 introduce Petitioner's pretrial statements because they were obtained in
8 violation of *Miranda*.

9     2.    Trial counsel provided ineffective assistance by failing to move to
10 suppress Petitioner's pretrial statements as obtained in violation of *Miranda*.

11     3.    The cumulative effect of the errors alleged in Grounds One and
12 Two, coupled with the trial court's instruction concerning how to evaluate
13 eyewitness-identification testimony, requires reversal of Petitioner's
14 conviction.[4]

15 [Dkt. No. 1 at 7-11.]

16 **II.**    **Discussion**

17     **A.**    **Duty to Screen**

18       Rule 4 of the Rules Governing § 2254 Cases requires the Court to
19 conduct a preliminary review of the Petition.  Pursuant to Rule 4, the Court
20 must summarily dismiss a petition "[i]f it plainly appears from the face of the
21 petition . . . that the petitioner is not entitled to relief in the district court."
22 Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908
23 F.2d 490 (9th Cir. 1990).  As explained below, a review of the Petition
24 suggests that it is subject to dismissal as partially unexhausted.

---

[4] On direct review, Petitioner raised a direct challenge to the trial court's instruction concerning how to evaluate eyewitness-identification testimony, and the California Court of Appeal denied it in a reasoned decision.  *See Alverez*, 2022 WL 122375, at *10-11.  In this action, however, he does not assert it as an independent claim but instead only as part of his cumulative-error claim.  [*See* Dkt. No. 1 at 10-11, 21.]

**B.     Exhaustion**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.  Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).  As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it.  *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here the Petition appears to be partially unexhausted.  Although Petitioner asserted in his petition for review that counsel was ineffective by failing to move to suppress his pretrial statements under *Miranda*, *see Alvarez*, 2022 WL 122375, at *8-10, he did not assert an independent *Miranda* claim that the trial court's admission of his pretrial statements violated due process, as he does in Ground One.  [*See* Dkt. No. 1 at 7-10.]  And in addressing Petitioner's ineffective-assistance claim on direct review, the California Court of Appeal never analyzed whether a *Miranda* violation actually occurred.  Instead, it "assume[d] for the sake of argument" that one did only to find that counsel may have opted against moving to suppress Petitioner's pretrial statements for strategic reasons.  *Alvarez*, 2022 WL 122375, at *9-10.

Petitioner likewise did not assert the Petition's due process challenge to the admission of his pretrial statements in the counseled habeas petition he filed in the California Supreme Court.  Rather, that petition merely "supplement[ed]" the ineffective-assistance claim he raised in his petition for review by presenting trial counsel's declaration concerning his decision not to

1  move to suppress Petitioner's pretrial statements.  Cal. App. Cts. Case Info.
2  http:// appellatecases.courtinfo.ca.gov/ (search for case no. S273423 in Cal.
3  Sup. Ct., Dkt. No. 1) (last visited on Aug. 13, 2025).  And indeed, Petitioner's
4  habeas counsel would have understood the futility of raising a due process
5  challenge to the admission of Petitioner's pretrial statements for the first time
6  on habeas because he did not object to their admission at trial or raise the
7  claim on direct review.  *See People v. Alvarez*, 14 Cal. 4th 155, 186 (1996)
8  (California requires defendant to raise timely and specific objection at trial to
9  preserve constitutional claim on appeal); *Ex parte Dixon,* 41 Cal. 2d 756, 759
10 (1953) ("[H]abeas corpus cannot serve as a substitute for an appeal, and, in
11 the absence of special circumstances constituting an excuse for failure to
12 employ that remedy, the writ will not lie where the claimed errors could have
13 been, but were not, raised upon a timely appeal from a judgment of
14 conviction.").[5]  As such, it does not appear that any state court has addressed
15 the constitutional claim asserted in Ground One.

16      Petitioner's cumulative-error claim in Ground Three also appears to be
17 unexhausted.  Petitioner did allege a cumulative-error claim on direct review.
18 *See Alvarez*, 2022 WL 122375, at *11.  But that claim was not the same one he
19 alleges here, because it involved multiple alleged errors that he does not raise
20 in the Petition.  *See id.* at *3-11 (reflecting that Petitioner's cumulative-error
21 claim on direct review was based on, among other things, exclusion of expert
22 testimony and admission of allegedly faulty eyewitness testimony).  More
23 importantly, his cumulative-error claim on direct review did not include an
24 independent due process challenge to the trial court's admission of his pretrial
25 statements, whereas his cumulative-error claim in Ground Three does.  [*See*
26 Dkt. No. 1 at 11.]

---

28      [5] The Court expresses no view at this time whether Ground One is procedurally barred.

6

The Petition must therefore be dismissed unless Petitioner takes steps to cure the problem. *See Rose*, 455 U.S. at 522.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner, **by no later than September 19, 2025**, to either (a) show that he has exhausted his state-court remedies as to the Petition's Grounds One and Three[6] or (b) concede that Grounds One and Three are unexhausted and select one of the following options:

(1) File a motion to stay and abey his Petition under *Rhines v. Weber*, 544 U.S. 269 (2005), if he believes he can make the required showings. To obtain a stay under *Rhines* of his federal petition while he exhausts his state remedies, a petitioner must comply with the following requirements: (a) he must show good cause for his failure to earlier exhaust the claim in state court; (b) the unexhausted claim must not be "plainly meritless"; and (c) he must not have engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78;

(2) File a motion to stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) (as amended), *overruling on other grounds recognized by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). To obtain a stay under *Kelly*, the petitioner must (a) voluntarily dismiss Grounds One and Three; (b) ask this court to stay the then fully exhausted Petition; and (c) return to state court to attempt to exhaust the unexhausted claim while the federal Petition is held in abeyance – with the understanding that he will be allowed to amend any newly exhausted claim back into the Petition only if it is timely under AEDPA or "relates back" to the original exhausted claims, *see Mayle v. Felix*, 545 U.S. 644, 664 (2005);

---

[6] If Petitioner maintains that Grounds One and Three are exhausted, he must attach copies of any state-court habeas petitions he has filed that include Grounds One and Three, as well as any and all resulting state-court decisions.

7

    (3)    File an amended petition that contains only the Petition's exhausted claim (Ground Two).  The Court hereby notifies Petitioner that if he chooses this option – to dismiss the Petition's unexhausted claims without seeking a stay and proceed only with his exhausted claim – then his unexhausted claims may later be time-barred under 28 U.S.C. § 2244(d)(1), and any subsequent § 2254 petition containing the claims may be barred as an unauthorized second or successive petition; or

    (4)    File a request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under § 2244(d)(1).

**If Petitioner does not respond to this Order by September 19, 2025, the Court will recommend that that the Petition be dismissed without prejudice as partially unexhausted.**

**IT IS SO ORDERED**.

DATED: August 14, 2025

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE